IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAUL CHE GOMEZ #R-28681,  )
                          )
          Plaintiff,      )
                          )
     v.                   )   No. 11 C 1793
                          )
I.D.O.C. DIRECTOR M.P. RANDALL, )
et al.,                   )
                          )
          Defendants.     )

<u>MEMORANDUM ORDER</u>

Last December 23 this Court, having conducted a threshold screening of the then-recently-filed 42 U.S.C. §1983 ("Section 1983") Complaint by Raul Gomez ("Gomez") as called for by 28 U.S.C. §1915A,[1] issued a minute order dismissing the complaint and action without prejudice.[2] Now Gomez has tried again in this newly-filed action, and because it appears from his current Complaint that he has indeed complied with the precondition just referred to in n.2,[3] so that this action may go forward.

As the first order of business in connection with this new

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Because that dismissal was occasioned by Gomez' failure to have demonstrated his satisfaction of the 42 U.S.C. §1997e(a) exhaustion-of-administrative-remedies precondition, while at the same time his allegations also did not establish his failure to have met that precondition, this Court did not treat the dismissal as a "strike" for purposes of Section 1915(g).

[3] That apparent compliance may of course be challenged by defendants if they believe that the facts justify such a challenge.

case, Gomez' accompanying In Forma Pauperis Application ("Application") demonstrates his entitlement to such status in accordance with Section 1915(b)(1). With the average monthly deposits to his trust fund account at Menard Correctional Center ("Menard," where he is now in custody) for the relevant six-month period having come to $121.35, an initial partial filing fee payment of $24.27 is required. Accordingly the Application is granted to the extent that Gomez need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Gomez is therefore assessed that initial partial payment of $24.27, and the Menard trust fund officer is ordered to collect that amount from Gomez' trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Gomez' name and the 11 C 1793 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Menard trust fund officer.

After such initial payment, the trust fund officer at Menard (or at any other correctional facility where Gomez may hereafter

be confined) is authorized to collect monthly payments from Gomez' trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Next, Gomez' Motion for Appointment of Counsel ("Motion") confirms his unsuccessful efforts to retain counsel on his own. Because not only Gomez himself but also defendants and this Court will all be better served by granting that Motion, the following member of this District Court's trial bar is appointed to represent Gomez pro bono publico:

> William A. Barnett, Jr.
> Durkin & Roberts
> 2446 North Clark Street
> Chicago IL 60614

Finally, this Court is contemporaneously issuing its customary initial scheduling order. Appointed counsel will be expected to arrange for the service of process on defendants in the interim and to comply with the other aspects of the scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 22, 2011