IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAUL CHE GOMEZ,                )
                               )
         Plaintiff,            )
                               )
    v.                         )    No. 11 C 1793
                               )
I.D.O.C. DIRECTOR M.P. RANDALL,)
et al.,                        )
                               )
         Defendants.           )

MEMORANDUM ORDER

Last December 23 this Court dismissed the pro se 42 U.S.C. §1983[1] Complaint that Menard Correctional Center inmate Raul Gomez ("Gomez") had then filed. Because that dismissal was occasioned by Gomez' failure to have demonstrated satisfaction of the Section 1997e(a) exhaustion-of-administrative remedies precondition, the dismissal was made without prejudice. But on March 15 Gomez tried again with a new Section 1983 Complaint, and just a week later this Court appointed a member of this District Court's trial bar, William Barnett, Jr., to represent him pro bono publico.

Attorney Barnett, after having conducted a careful investigation of Gomez' claim, has just filed a motion for leave to withdraw as Gomez' counsel pursuant to LR 83.38. As the motion to withdraw states in relevant part, on the basis of attorney Barnett's in-person interview of Gomez and his review of

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

Section 1983 caselaw:

>    3. Plaintiff has alleged injuries arising out of his being struck by a stray pellet from a shotgun fired by a correctional officer to quell a fight between two inmates at the Stateville Correctional Center, and the subsequent failure to provide him with immediate medical attention, and has brought this action for damages in compensation for those injuries.
>
>    \*   \*   \*
>
>    5. In Counsel's opinion, Plaintiff's claims are not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law.
>
>    6. Plaintiff was injured by the negligent action of a correctional officer who has not been identified. He removed the pellet himself shortly thereafter. He was not given immediate medical attention by the unidentified medical technician on the cell block at the time, but he was in fact treated several days later, and has not suffered any significant aggravation of the initial wound which has since healed.[2] None of the named defendants appear to have had any involvement in his injuries.
>
>    7. The statute of limitations ran on May 16, 2011. Neither counsel nor Plaintiff were able to identify either the correctional officer who fired the shotgun or the medical technician who failed to treat him initially prior to May 16, 2011. Accordingly, there does not appear to remain any defendant who can be found liable for Plaintiff's injury.

All of that being the case, attorney Barnett's motion to withdraw is granted. Gomez does not have a viable Section 1983

---

[2] [Footnote by this Court] Under the circumstances described in that paragraph, Gomez cannot successfully invoke the "serious medical needs standard established by Estelle v. Gamble, 429 U.S. 97, 104 (1976) for Section 1983 purposes.

2

claim, and this action is dismissed.

					_____
					Milton I. Shadur
					Senior United States District Judge

Date: August 9, 2011